**AFFIRMED; Opinion Filed June 18, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01048-CV

## RENE LOPEZ AND MARIALIS LOPEZ, Appellants
V.
## METRO LUMBER INDUSTRIES, INC., D/B/A DALLAS CEDAR COMPANY, Appellee

On Appeal from the 68th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-12-08376-C

## MEMORANDUM OPINION
Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice Moseley

Appellants Rene and Marialis Lopez contracted with Metro Lumber Wholesale, Co., Inc., d/b/a Dallas Cedar Co.,[1] to build a swimming pool. Afterward, they complained the pool leaked and that Metro did not fix the leaks. They sued Metro alleging fraud, breach of contract, negligence, breach of implied warranty, and breach of express warranty. The trial court granted Metro's no-evidence motion for summary judgment as to all of appellants' claims. Appellants appeal, arguing the trial court erred by granting the no-evidence motion for summary judgment as to their breach of contract and negligence claims.

The background of the case and the evidence adduced at trial are well known to the

---

[1] Appellee identified itself as Metro Lumber Wholesale Co, Inc., d/b/a Dallas Cedar Company in the body of its pleading and the summary judgment reflects this name. The parties do not complain about the variance between appellee's name in the body and the caption of the pleadings. We refer to appellee as Metro.

parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

Appellants do not appeal the trial court's judgment as to the fraud, breach of implied warranty, or breach of express warranty claims. We therefore affirm as to those claims.

We review the trial court's summary judgment as to the breach of contract and negligence claims de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We apply the well-established standards for reviewing no-evidence summary judgments. *See* TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310–11 (Tex. 2009).

Metro's no-evidence motion for summary judgment challenged the evidence as to the following elements of appellants' breach of contract claim: (1) Metro breached the contract, and (2) appellants were damaged as a result of the breach. In response, appellants filed the affidavit of Rene Lopez.[2] It states appellants contracted with Metro to build a pool in their backyard. Appellants would not have entered into the contract without Metro's promises and warranties. During construction, cracks began to form in the shell of the pool. Metro attempted to fix those cracks and continued construction. When the pool was completed, more cracks appeared, and Metro again attempted to repair the pool. The cracks reappeared several times. Rene's affidavit also states the pool has never been capable of holding water as promised, and that appellants have to add water to the pool beyond what would be lost by evaporation.

Metro argues there is no evidence it breached the contract to build a pool for appellants.

---

[2] Attached to the affidavit was a copy of the contract and a letter from an engineer regarding an inspection performed on the pool. Metro objected to portions of Lopez's affidavit as conclusory and to the engineer's letter as hearsay. The trial court sustained the objections and appellants do not challenge this ruling on appeal. Therefore, we do not consider as evidence the engineer's letter and the challenged portions of Lopez's affidavit.

Rene's affidavit does not assert that Metro failed to build the pool. And nothing in the affidavit identifies a contractual obligation Metro failed to perform, other than an express warranty that "for the period of time the pool is owned by the buyer . . . the pool will remain capable of retaining water." However, appellants do not challenge on appeal the summary judgment on their breach of express and implied warranty claims.

There is a distinction between breach of contract and breach of warranty. A breach of warranty claim "must involve something more than a mere promise to perform under the contract." *Staton Holdings, Inc. v. Tatum L.L.C.*, No. 05-12-01408-CV, 2014 WL 2583668, at *2 (Tex. App.—Dallas June 10, 2014, no pet. h.) (mem. op.). Here, the only "something more" present is the express term regarding the condition of the pool; namely, that the pool would remain capable of retaining water. And whether Metro breached that express warranty is not at issue here because appellants do not complain about the express warranty claim on appeal.

We conclude appellants failed to present evidence raising a genuine issue of material fact as to the breach element of their breach of contract claim. Therefore, the trial court did not err by granting the no-evidence motion for summary judgment on that claim.

Metro's no-evidence motion for summary judgment also challenged all the elements of appellants' negligence claim, i.e. that: (1) Metro owed a legal duty to appellants; (2) the breach of that duty; and (3) damages to appellants proximately caused by that breach. *See Nabors Drilling, U.S.A. Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Rene's affidavit does not indicate how Metro failed to exercise reasonable care in performing any duty it had. We conclude appellants failed to raise a genuine issue of material fact as to the challenged element of breach of duty. Therefore, the trial court did not err by granting the no-evidence motion for summary judgment on that claim.

Because appellants failed to raise a genuine issue of material fact as to each challenged

element of their breach of contract and negligence claims against Metro, we overrule their sole issue on appeal. We therefore affirm the trial court's judgment.

131048F.P05

/Jim Moseley
JIM MOSELEY
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RENE LOPEZ AND MARIALIS LOPEZ,
Appellants

No. 05-13-01048-CV      V.

METRO LUMBER INDUSTRIES, INC.,
D/B/A DALLAS CEDAR COMPANY,
Appellee

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-08376-C.
Opinion delivered by Justice Moseley.
Justices O'Neill and FitzGerald
participating.

       In accordance with this Court's opinion of this date, the summary judgment of the trial court is **AFFIRMED**.

       It is **ORDERED** that appellee METRO LUMBER INDUSTRIES, INC., D/B/A DALLAS CEDAR COMPANY recover its costs of this appeal from appellants RENE LOPEZ AND MARIALIS LOPEZ.

Judgment entered this 18th day of June, 2014.

/Jim Moseley/

JIM MOSELEY
JUSTICE